UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANASTACIO LOPEZ, on behalf of himself and all others similarly situated,

                     Plaintiff,

       v.

JPD RESTAURANT LLC d/b/a PIG N' WHISTLE, MAGEE-MAHON CAFE INC. d/b/a PIG N' WHISTLE, JOHN MAHON, and CORMAC MCCORMACK,

                     Defendants.
------------------------------------------------------------------X

24-cv-00605

**Collective Action Complaint**

      Plaintiff Anastacio Lopez ("Plaintiff") individually and on behalf of all others similarly situated, by and through his attorneys, Rapaport Law Firm, PLLC, as and for his Complaint against defendants JPD Restaurant LLC d/b/a Pig N' Whistle ("JPD"), Magee-Mahon Cafe Inc. d/b/a Pig N' Whistle ("Magee-Mahon"), John Mahon ("Mahon"), and Cormac McCormack ("McCormack"), (collectively, "Defendants"), alleges upon information and belief as to himself and his own actions and upon information and belief as to all other matters, states as follows:

## NATURE OF ACTION

    1. From approximately 2015 until on or about October 9, 2023, Plaintiff was employed as a line cook by Defendants JPD d/b/a Pig 'N Whistle, Magee-Mahon d/b/a Pig N' Whistle, Mahon, and McCormack.

    2. Defendants own, operate, and/or control an enterprise of Irish pubs and eating establishments in New York.

    3. Upon information and belief, Mahon and McCormack (the "Individual Defendants") are owners, managers, principals, and/or agents of the corporate Defendants, JPD and Magee-Mahon

(the "Defendant Corporations") and, through these corporate entities, they operate or operated the pubs and eating establishments as a joint or unified enterprise.

4. Plaintiff was employed by Defendants as a line cook at Defendants' restaurant located at 202 West 36th Street, New York, New York 10018.

5. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread-of-hours compensation for the hours that Plaintiff worked.

6. Defendants compensated Plaintiff at a fixed hourly rate for the hours he worked, without paying Plaintiff premium overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week. Throughout Plaintiff's employment with Defendants, Plaintiff worked substantial overtime hours.

7. Defendants' conduct extended beyond Plaintiff to similarly-situated kitchen workers.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other kitchen employees to work in excess of forty (40) hours per week without providing overtime compensation as required by federal and state law and regulations.

9. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6, including applicable liquated damages, interest, attorneys' fees and costs.

10. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their principal place of business within this judicial district, and Defendants operate their casual pubs and eating establishments in this judicial district. Further, Plaintiff was employed by Defendants in this judicial district.

## PARTIES

*Plaintiff*

13. Plaintiff is an adult individual residing in Bronx County, New York.

14. Plaintiff was employed by Defendants at Defendants' casual dining restaurant known as the Pig N' Whistle from approximately 2015 until on or about October 9, 2023.

15. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings his claims individually and also as a representative party of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, and/or controlled casual dining restaurants and Irish pubs in New York City, including, without limitation, pubs operating under the name "Pig N' Whistle" at 202 West 36th Street, New York, NY, and 58 West 48th Street, New York, NY."

17. Upon information and belief, JPD is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, JPD maintains a principal place of business, namely its executive office, at 150 West 47th Street, New York, New York 10036 and/or at 58 West 48th Street, New York, NY 10036.

18. Upon information and belief, Magee-Mahon is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Magee-Mahon maintains a principal place of business, namely its executive office, at 150 West 47th Street, New York, New York 10036 and/or 58 West 48th Street, New York, NY 10036.

19. Mahon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Mahon is sued individually and in his capacity as owner, officer, managing member, and/or agent of the Defendant Corporations.

20. Mahon possesses operational control over the Defendant Corporations, an ownership interest in the Defendant Corporations, and controls significant functions of the Defendant Corporations.

21. Upon information and belief, Mahon determines the wages and compensation of Defendants' employees, including Plaintiff, establishes the schedules of employees, determines methods and rates of pay, maintains employee records, and has the authority to hire and fire employees.

22. Mahon holds himself out as the "Manager" of Pig n' Whistle since September 2014. (https://www.linkedin.com/in/john-mahon-731040101).

23. McCormack is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. McCormack is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations.

24. Upon information and belief, McCormack possesses operational control over the Defendant Corporations, an ownership interest in the Defendant Corporations, and controls significant functions of the Defendant Corporations. McCormack determines the wages and compensation of Defendants' employees, including Plaintiff, establishes the schedules of employees, maintains employee records, and has the authority to hire and fire employees.

25. Upon information and belief, McCormack is the Managing Partner of the Defendant Corporations.

26. Upon information and belief, on a day-to-day basis, McCormack managed and oversaw the operations of the Pig N' Whistle location where Plaintiff worked, namely at 202 West 36th Street, New York, New York 10018.

27. McCormack supervised Plaintiff and determined his work schedule and wages.

## FACTUAL ALLEGATIONS

*Defendants Are Joint Employers*

28. Defendants operate casual Irish pubs and eating establishments located in New York City.

29. Individual Defendants McCormack and Mahon possess operational control over the Defendant Corporations, or significant functions of the Defendant Corporations, including control over the terms and conditions of the employment of Plaintiff and similarly situated workers. The Individual Defendants' authority included (and continues to include) hiring and firing authority, determining methods and rates of pay, and other terms of employment.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over employees.

31. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals referred to herein.

32. Defendants jointly employed Plaintiff (and all similarly situated kitchen workers) and had the status of Plaintiff's employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff and similarly situated kitchen workers.

34. Upon information and belief, Individual Defendants operate the Defendant Corporations as either alter egos of themselves and/or failed to operate the Defendant Corporations as entities legally separate and apart from themselves.

35. Upon information and belief, Defendants employed kitchen workers interchangeably at their various restaurant locations.

36. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of Plaintiff's employment, and determined the rate and method of Plaintiff's compensation.

37. Upon information and belief, the annual dollar volume of gross revenue each year of the Defendant Corporations exceeds $500,000.00 and each Defendant entity is an enterprise engaged in commerce within the meaning of 29 U.S.C. 201, *et seq.*

38. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in Defendants' establishments on a daily basis are goods produced outside of the State of New York.

**Factual Allegations on Behalf of Plaintiff**

39. Plaintiff's job duties included, inter alia, food preparation, mopping, surface cleaning, handling the fryer station, handling inventory, and generally assisting the head chef.

40. From approximately 2009 until in or about September 2023, Plaintiff's schedule was as follows: (a) Sundays through Wednesdays from 11:00 a.m. to 10:00 p.m.; (b) Thursdays from 11:00 a.m. to 11:00 p.m.; and (c) on Fridays from 11:00 a.m. to 5:00 p.m.

41. In or about September 2023, Defendants changed Plaintiff's schedule to the following: (a) Mondays from 11:00 a.m. to 10:00 p.m.; (b) Wednesdays and Thursdays from 11:00 a.m. to 5:00 p.m.; (c) Fridays from 11:00 a.m. to 4:00 p.m.; and (d) on Sundays, Plaintiff's shift typically began between 6:00 a.m. to 8:00 a.m. (before the restaurant would open for the day) and ended at 10:00 p.m., depending on the weekly rugby match schedule.

42. Throughout Plaintiff's employment, Plaintiff was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per workweek.

43. Initially, Plaintiff was paid $16 per hour for all hours worked, including those over forty (40) per week.

44. Later, Plaintiff's pay was increased to $18.00 per hour for all hours worked, including those over forty (40) per week.

45. Approximately two years ago, Plaintiff's pay was increased to $22 per hour for all hours worked, including those over forty (40) per week.

46. To conceal their conduct of not paying premium overtime pay (i.e., 1.5 times the regular rates of pay) for hours worked above the first forty hours per week, Defendants failed to issue wage statements for hours worked above the first forty, and issued pay for overtime hours in cash.

**Claims Common to Plaintiff and the FLSA Collective Plaintiffs**

47. While employed with Defendants, Plaintiff and the FLSA Collective Plaintiffs (kitchen workers) were non-exempt employees pursuant to the FLSA, and were entitled to overtime compensation.

48. Despite routinely working in excess of forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

49. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at a fixed hourly rate for all hours worked, including those worked over forty (40) per week.

50. Defendants violated the FLSA by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation.

51. Defendants knew or should have known that their failure to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation violated the FLSA, and/or Defendants acted in reckless disregard of federal wage and hour laws.

52. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

53. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

54. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular

8

hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

55. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

56. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

57. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

58. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages complied with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one-hundred percent (100%) of their unpaid wages.

59. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTFF**
*(Overtime Violations under the NYLL)*

60. Plaintiff repeats and realleges all prior allegations set forth above.

61. Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable

minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

62. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

63. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Spread of Hours Compensation 12 NYCRR 142-2.18)*

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. On occasions, Plaintiff's workday exceeded ten (10) hours.

69. For example, until in or about October 2023, Plaintiff's weekly work schedule consisted of at least three (3) days per week in which Plaintiff's workday exceeded ten (10) hours (e.g., 11:00 a.m. to 10:00 p.m.).

70. Defendants' failure to pay spread of hours compensation violated the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread of hours" pay, which require an employer such as Defendants, to pay additional "spread of hours" compensation to employees who work shifts of greater than ten hours.

71. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

72. Plaintiff repeats and realleges all prior allegations set forth above.

73. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, valid notices accurately containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

74. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Provide Wage Statements under the NYLL)*

76. Plaintiff repeats and realleges all prior allegations set forth above.

77. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

78. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE,** Plaintiff prays for relief against Defendants as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court, pursuant to the FLSA;

b) on the Second Cause of Action, on behalf of Plaintiff, individually, for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court, pursuant to the NYLL;

c) on the Third Cause of Action, on behalf of Plaintiff, individually, for all unpaid wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court, pursuant to the NYLL;

d) on the Fourth Cause of Action, on behalf of Plaintiff, individually, for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court, pursuant to NYLL § 195(1);

e) on the Fifth Cause of Action, on behalf of Plaintiff, individually, for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court, pursuant to NYLL § 195(3); and

h) such other and further relief as is just and proper.

Dated: New York, New York  
       January 27, 2024

Respectfully submitted,  
RAPAPORT LAW FIRM, PLLC

By: */s/ Marc A. Rapaport*  
Marc A. Rapaport  
80 Eighth Avenue, Suite 206  
New York, New York 10011  
Ph: (212) 382-1600  
mrapaport@rapaportlaw.com

*Attorneys for Plaintiff*

## NOTICE OF INTENTION TO ENFORCE LIABLITY OF MEMBER OF LLC FOR SERVICES RENDERED

## NEW YORK LIMITED LIABILITY COMPANY LAW 609(c)

**TO: JOHN MAHON**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 609 of the Business Corporation Law of New York, you are hereby notified that ANASTACIO LOPEZ, individually and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten members with the largest percentage ownership interest of JPD RESTAURANT LLC for all debts, wages, and/or salaries due and owing to him and similarly situated class/collective members as a laborer, servant, and/or employee of the said corporation for services performed by him and similarly situated class/collective members for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
       January 27, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
(212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiff*

14

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

### SECTION 630, BCL

**TO: JOHN MAHON**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that ANASTACIO LOPEZ, on behalf of and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of, MAGEE-MAHON CAFE INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
January 27, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
(212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiff*

### NOTICE OF INTENTION TO ENFORCE LIABLITY OF MEMBER OF LLC FOR SERVICES RENDERED

### NEW YORK LIMITED LIABILITY COMPANY LAW 609(c)

**TO: CORMAC MCCORMACK**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 609 of the Business Corporation Law of New York, you are hereby notified that ANASTACIO LOPEZ, individually and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten members with the largest percentage ownership interest of JPD RESTAURANT LLC for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
       January 27, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
(212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiff*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

### SECTION 630, BCL

**TO: CORMAC MCCORMACK**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that ANASTACIO LOPEZ, on behalf of and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of, MAGEE-MAHON CAFE INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
January 27, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
(212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiff*